**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

MANUEL SALAVARRIA,                :
                                    Civil Action No. 06-4779 (WJM)
          Petitioner,             :

     v.                           :    **OPINION**

ALBERTO GONZALES, et al.,         :

          Respondents.            :

**APPEARANCES:**

Petitioner pro se
Manuel Salavarria
Hudson County Correctional Center
35 Hackensack Avenue, A 500 West
Kearny, NJ 07032

**MARTINI**, District Judge

   Petitioner Manuel Salavarria, an alien currently confined at Hudson County Correctional Center, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The Respondents are Attorney General Alberto Gonzales, Secretary of

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Homeland Security Michael Chertoff, District Director Andrea J. Quarantillo, and Warden Oscar Aviles.

Because the Petition is premature, the Court will dismiss it without prejudice.

### I. BACKGROUND

Petitioner is a native and citizen of Cuba who arrived illegally in the United States in June of 1980 at Key West, Florida, as part of the "Mariel Boat Lift."[2] In 1990, his status was changed to lawful permanent resident.

While in the United States, Petitioner has amassed a substantial criminal record. Most recently, in 1995, Petitioner was convicted in the Superior Court of New Jersey, Essex County, of Terroristic Threats, Sexual Assault with Force, and related offenses, for which he was sentenced to a term of imprisonment of twenty years. While confined pursuant to the Essex County conviction, Petitioner was the subject of removal proceedings.

On October 4, 1999, a final Order of Removal was entered against Petitioner. Petitioner was taken into physical custody by immigration officials on May 22, 2006, pursuant to the Order of Removal, when he was paroled by New Jersey authorities. On October 2, 2006, Petitioner submitted this Petition for Writ of

---

[2] Approximately 125,000 Cubans illegally arrived at the borders of the United States in 1980 when the Cuban government temporarily opened the port of Mariel, Cuba, to emigration.

Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his indefinite detention in lieu of removal.

Respondents have answered, asserting that the Petition should be dismissed as premature.

## II.  ANALYSIS

Post-removal-order detention is governed by 8 U.S.C. § 1231(a).  Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section 1231(a)(6) permits continued detention if removal is not effected within 90 days.  However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard.  Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a resident alien must be released if he can establish that his removal is not reasonably foreseeable.  See Zadvydas v. Davis, 533 U.S. 678 (2001); Clark v. Martinez, 543 U.S. 371 (2005).

3

Here, Petitioner was taken into custody by immigration authorities on May 22, 2006, upon his release from prison.  Thus, his post-removal-order custody commenced on that date.  See, e.g., 28 U.S.C. § 1231(a)(1)(B)(iii); Gregory v. B.I.C.E./D.H.S., Civil Action No. 06-4008 (SDW), 2007 WL 708856 (March 6, 2007) (removal period begins anew upon the happening of any of the events described in § 1231(a)(1)(B)); Michel v. INS, 119 F.Supp.2d 485, 498 (M.D. Pa. 2000) (same).

The Petition is dated October 2, 2006, less than six months after the beginning of the removal period.  To state a claim under Zadvydas, the six-month presumptively-reasonable removal period must have expired at the time the Petition is filed; a prematurely filed petition must be dismissed without prejudice to the filing of a new Petition once the removal period has expired.  See, e.g., Akinvale v. Ashcroft, 287 F.3d 1050, 1051 (11th cir. 2002); Fahim v. Ashcroft, 227 F.Supp.2d 1359, 1363 (N.D. ga. 2002); Monpremier v. Chertoff, 2007 WL 909575 (N.D. Fla. March 21, 2007).  Accordingly, this Petition must be dismissed.

### III.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice.  An appropriate order follows.

S/William J. Martini

William J. Martini
United States District Judge

Dated: 4/20/07